County Court, Orleans County, August, 1901. Reported. 35 Misc. 735.

Matter of the Petition of EDWARD F. WOOLSTON and JOHN LUDLUM for an Order Requiring a Special Town Meeting to be Held in the Town of Yates under the Provision of the Liquor Tax Law.

**Liquor Tax Law—Form of town clerk's notice of submission of local option—Resubmission refused where there were only possible slight defects in posting and publishing.**

A town clerk's statutory public notice that the local option questions will be voted upon at the next town meeting need not state that all of the four questions will then be voted upon nor need they be set out in full.

The notice is sufficient where, under the heading "Local option to determine whether liquors shall be sold under the provisions of section 16, chapter 367, Laws of 1900, known as the Liquor Tax Law," it proceeds to state that a vote will be taken by ballot "upon said proposed questions" at the next town meeting.

The statute, in so far as it relates to notice, is merely directory and where it appeared that there might possibly have been slight errors in the posting and publishing of some of the notices, the court held a resubmission unnecessary and unjustifiable.

APPLICATION under section 16 of the Liquor Tax Law for an order directing a special town meeting to be called to vote upon the local option questions provided for in said section, on the ground that said questions were not properly submitted to the electors of said town at the regular town meeting held in March, 1901.

*Thompson & Sons,* for petitioners.

*William G. Van Loon,* for State Commissioner of Excise.

RAMSDALE, J.: This is an application under section 16 of the Liquor Tax Law for an order directing a special town meeting to be called to vote upon the local option questions provided for in said section 16 of the Liquor Tax Law, on the ground that said questions were not properly submitted to the electors of said town at the regular town meeting held in March of the present year.

The petition shows that the town clerk did, on or about March 1st, and more than ten days before the holding of the town meet-

ing, cause to be posted in more than four public places of the town a notice; the pertinent parts of which were as follows:

"NOTICE OF QUESTIONS TO BE SUBMITTED.

"LOCAL OPTION

"To determine whether liquors shall be sold under the provisions of Section 16, Chapter 367, Laws of 1900, known as the Liquor Tax Law.

"Now, therefore, notice is hereby given that a vote will be taken by ballot upon said proposed questions at the next biennial Town Meeting of said Town of Yates to be held on the 12th day of March, 1901.

"Dated YATES, *February* 25, 1901.

"LEIGH HILL,
*"Town Clerk."*

That he caused said notice to be published in the Medina *Tribune,* a paper published in the county, on Thursday of the week commencing February 24, 1901.

That thereafter said town clerk caused said notice to be so changed as to read as follows:

" LOCAL OPTION

"To determine whether liquors shall be sold under the provisions of Section 16, Chapter 367, Laws of 1900, known as the Liquor Tax Law. Amended. Now, therefore," etc.

That on the 2d and 4th days of March, 1901, the said town clerk caused said changed notice "to be posted in more than four public places in said town of Yates in place of the notice firstly hereinabove set forth"; but that there were not four of such changed notices posted until March fourth; that he also caused said changed notice to be published in the Medina *Tribune* on Thursday of the week commencing March third.

Section 16 of the Liquor Tax Law provides that, upon filing with the town clerk the proper request that the several propositions be voted upon at the town meeting, he shall, at least ten days before the holding of such town meeting, cause to be printed and posted in at least four public places of such town a notice of the fact that all of the local option questions provided for therein will be voted upon at such town meeting or general

election; and that said notice shall also be published at least five days before a vote is to be taken once in one newspaper published in the county in which such town is situated.

The contention of the petitioners is that the town clerk failed to perform the duty imposed upon him by said section, in that he did not, in his notice, say that *all* of the questions mentioned in section 16 would be submitted to the voters, and that he did not set forth all said questions at large in said notice. It is also claimed that he did not post four of said changed notices in said town at least ten days, and did not publish the same five days before the holding of the town meeting; that, on account of these alleged defects, the propositions were improperly submitted, and that a special town meeting should be called for the purpose of having said propositions properly submitted and voted upon.

There is no allegation in the petition or papers accompanying it that any elector was misled in any way by the action of the town clerk, nor is it alleged that a full vote was not cast upon the several propositions mentioned in section 16; but, on the contrary, it does appear, from the petition and the affidavit read in opposition to the motion, that on at least one of the propositions there was cast for and against 406 votes (including blank and void ballots), and that the whole number of votes cast for the office of supervisor at said town meeting was 409, and that more than a majority of 409 votes were cast against all of said propositions, except the third.

*First.* As to the sufficiency of the form of the notice.

The statute provides no specific form of notice to be given. The requirement is that the town clerk shall cause to be printed and published a "notice of the fact that all of the local option questions provided for herein (§ 16) will be voted on at such town meeting." I think the notice in this case complies with the requirement of the statute. It is headed "Local Option." It then goes on to say that it is to determine whether liquors shall be sold under the provisions of section 16 of the Liquor Tax Law, giving the chapter and year. It certainly was enough to put the elector on inquiry, and, by looking at the statute indicated, he could not help actually knowing what *all* the local option questions provided for in section 16 are, to say nothing of the legal presumption that every one knows the law.

By the notice as given, he is directed to a particular section of a general statute of the State (and which is accessible at all

times to him), where he can get actual knowledge of *all* the matters he is required to pass upon.

The object of the requirement of notice is, I take it, not so much to give, in exact words, the precise questions to be voted on (for the statute distinctly provides that all four of the questions enumerated in section 16 shall be submitted) as to give the information that the preliminary steps required by the statute have been taken—that the petition has been filed, etc.—and that the general question of local option is up for decision by the people.

The elector is presumed to know what the law is, and what particular questions he will have to vote upon when the general question is up, but he is not presumed to know the fact that the proper petition has been filed to allow the general question to come up. The notice in this case gives this information. There is nothing misleading about it, nor is it claimed that any one was misled by it. There is no intimation in the papers but that the will of the people was fairly expressed by the vote taken, but, on the other hand, the papers do show that there was a full and fair expression of the sentiment of the electors, and that such sentiment is the same as has existed in the town for years past.

In *People ex rel. Crane* v. *Chandler,* 41 App. Div. 178, the Appellate Division of this department decided that a notice that " The license question, as provided by the Raines law, will be submitted to the voters at this town meeting " was a good and sufficient notice. If that notice was good, then the one in this case certainly is.

But the point is made that that decision does not apply in this case, for the reason that the Liquor Tax Law did not, at that time, provide for any notice. The answer to this is that notice of the submission of all such propositions, in substantially the same form and manner as now provided for in section 16, was provided for in the Town Law, and that notice was as obligatory then as now. (*Matter of Eggleston,* 51 App. Div. 38.)

If too much particularity is required in carrying out the provisions of these statutes, then they will, in more instances than not, defeat themselves, and the will of the people, which is the controlling object to be safeguarded, will be subverted. The individuals to whom the Legislature has delegated the duty of performing these services are not, in the vast majority of cases, persons learned in the law, but are persons of ordinary education

and business ability, and this the Legislature knew. In giving judicial interpretation to the law, and the sufficiency of compliance with it, these facts ought to be taken into consideration, and where there is a substantial compliance with its provisions, and no fraud, concealment or deception is practiced, the acts of the officials should be upheld.

*Second.* As to the time within which the notices were published and posted.

The first or original notice was published and posted in ample time. Of this there is no dispute. The changed notice was published on the seventh of March, and the town meeting was on the twelfth. Some of the changed notices were posted on the second. These acts were both done in time. (*People* v. *Burgess,* 153 N. Y. 561.)

It does not appear, either, but that at least four of the original notices remained up, or were not " changed." In any event, I think the statute is directory as to the time of the notice, and that a new town meeting should not be called, with the annoyance and expense attendant thereon, for the slight error of the clerk, if, indeed, there was one.

In *People ex rel. Crane* v. *Chandler, supra,* a notice posted four days before the town meeting was held sufficient, and in *Matter of Rowley,* 34 Misc. Rep. 662, a proceeding under the very law here in question, Justice Rich held that *no* notice by the town clerk was necessary to the validity of the election, when it was shown that the electors had actual notice and a full vote was polled.

I think a fair expression of the choice of the electors of the town was had at the regular town meeting, and that no such error was committed by the town clerk or other officer as should vitiate it.

The motion for an order directing the calling of a special town meeting is, therefore, denied, but without costs.

Motion denied, without costs.