---

In re RICE.

(Supreme Court, Appellate Division, Third Department. May 4, 1904.)

1. INTOXICATING LIQUORS—LOCAL OPTION—SUBMISSION OF EXCISE QUESTIONS —IMPROPER HEADING.

On a submission of excise questions, the headings of the propositions were followed by the words of the statute explaining in what manner sales under the various headings were allowed, and the headings were printed correctly, except that the fourth one read "selling liquor by hotel keepers," instead of "selling liquor by hotel keepers only." The body of the question under this head contained the words "but only in connection with the business of keeping a hotel." *Held,* that the omission of the word "only" in the heading was too trivial to make the vote on the questions a nullity or require a resubmission.

2. SAME—PETITION FOR ELECTION—FILING COPY WITH COUNTY CLERK—DELAY.

Liquor Tax Law (Laws 1896, p. 57, c. 112) § 16, authorizes the submission to vote at town meeting of the question as to whether liquor shall be sold, and provides that a certified copy of the petition for the election shall be filed in the county clerk's office within five days of its

receipt by the town clerk if the questions are submitted at the time of holding a general election. When this law was enacted it was the duty of the county clerk to furnish ballots for the town meeting when held at the same time as the general election, but Laws 1902, p. 1028, c. 405, amended Laws 1896, p. 945, c. 909, § 86, so as to make it the duty of the town clerk to prepare ballots for the town meeting even when held on a general election day. A certified copy of a petition for the submission of excise questions was not filed with the clerk within 5 days after receipt of the petition by the town clerk, but was filed more than 20 days prior to the taking of the vote. *Held*, that the delay in filing the certified copy did not require a resubmission.

3. SAME—SIGNATURES TO PETITION—PRESUMPTION.

Under Liquor Tax Law (Laws 1896, p. 57, c. 112) § 16, providing for a submission at town meeting of questions as to whether liquor shall be sold, if such submission is requested by a petition signed by 10 per cent. of the voters at the next preceding election, it will be presumed, where the questions are submitted pursuant to a petition, that it was signed by 10 per cent. of the voters.

4. SAME—QUESTIONS TO BE SUBMITTED—SUFFICIENCY OF STATEMENT.

Under Liquor Tax Law (Laws 1896, p. 57, c. 112) § 16, authorizing the submission at town meeting of questions as to whether liquor shall be sold, if such submission is petitioned for by 10 per cent. of the voters at the next preceding general election, a petition stating that petitioners request the submission at the next town meeting of "the several questions in relation to the sale of liquors, as provided by section 16 of the liquor tax law," sufficiently states the questions to be submitted.

Appeal from Special Term, Washington County.

Application by George Rice for a special election in the town of Greenwich, Washington county, N. Y., under section 16 of the liquor tax law (Laws 1896, p. 57, c. 112). From an order directing a resubmission of the local option questions, Patrick W. Cullinan, as State Commissioner of Excise, appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

William G. Van Loon, for appellant.

Herbert Van Kirk (J. A. Kellogg, of counsel), for respondent.

HOUGHTON, J. The order appealed from was made at the same time and under the same circumstances as the order in the Matter of the Application of Munson (herewith decided) 88 N. Y. Supp. 509, and the conclusions and reasons stated in the opinion therein with respect to the character and validity of the order apply to this case. But there were no such errors in the submission of the excise questions to the voters of the town of Greenwich as existed in that case, and this order must be reversed.

The various questions were properly printed upon the ballot in the words of the statute, except that in the heading of the fourth proposition the word "only" was omitted, so that the question read: "Question 4. Selling liquor by hotel keepers," instead of "Selling liquor by hotel keepers only." In the body of the question, however, appeared the words, "but only in connection with the business of keeping a hotel." This was not such an omission as misled the voter. The various propositions were stated with proper headings: First, selling liquor to be drunk on the premises where sold; second, sell-

ing liquor not to be drunk on the premises where sold; third, selling liquor as a pharmacist on a physician's prescription; and, fourth, as above stated. Following the various headings were the words of the statute explaining in what manner sales under the various headings were allowed. The omission of the word "only" in the caption is too trivial, in view of the full explanations contained in the various propositions printed on the ballot, to make the vote a nullity, or so irregular as to require a resubmission.

The further defect alleged is that the town clerk with whom the original petition was filed failed to file a certified copy in the clerk's office in the county of Washington within five days of its receipt by him. The vote was had on the 3d day of November, and the original· petition was filed in the town clerk's office on the 5th day of October, and on the 12th a certified copy was received and filed in the Washington county clerk's office. The provision of section 16 of the liquor tax law (Laws 1896, p. 57, c. 112) with respect to filing a certified copy of the petition in the county clerk's office applies only when the excise questions are to be submitted at the time of holding each general election. The reason for the filing of such petition, evidently, was that the county clerk might prepare the ballots. Where town elections were held on the day of general election, the furnishing of such ballots devolved upon the county clerk, which might be said to include the furnishing of ballots for the local option questions. But by chapter 405, p. 1028, of the Laws of 1902, section 86 of chapter 909, p. 945, of the Laws of 1896 was amended by providing that, even where the town meeting was held on a general election day, ballots for town propositions should be provided by the town clerk in like manner as though the town meeting was held at another time. The reason, therefore, for the direction in the liquor tax law for filing the petition for submission of the excise questions with the county clerk failed, for he was no longer required to furnish the ballots to be voted upon such propositions. In addition, the petition was in fact filed more than 20 days prior to the taking of the vote. The same section which requires the filing of a certified copy of the petition requires that the town clerk shall, at least 10 days before the meeting, cause notice to be printed and posted in at least 4 public places of the town. Notwithstanding this provision, the Fourth Department, in People ex rel. Crane v. Chandler, 41 App. Div. 178, 58 N. Y. Supp. 794, held that a notice of four days was a substantial compliance with the statute, and did not necessitate a resubmission of the question to the electors at a special town meeting. Much less does the error here complained of demand a resubmission.

It is further urged that it does not appear on the face of the original petition that the signatures attached thereto constitute 10 per cent. of the votes cast at the next preceding general election. We do not think it is necessary for the petition to show this. If, in fact, 10 per cent. did not request the submission of the local option questions, the petition would be a nullity. The burden, we think, was upon those attacking the vote to show, as matter of fact, that the petition did not contain the requisite number of signatures. This the respondent has failed to do, and, in view of the proposition having been

submitted by the public authorities having charge of the election, it must be presumed that a sufficient number signed the petition.

It is also urged that the petition did not plainly state the questions to be submitted. The language used was, "request the submission at the next biennial town meeting * * * of the several questions in relation to the sale of liquors in the town of Greenwich aforesaid, as provided by section 16 of the liquor tax law." We think this was sufficient. There was no occasion for setting forth in full the questions contained in section 16 of the liquor tax law. That act was a public act, and provided what questions and in what manner they should be submitted to the electors of the town, and reference to the law and the subject as contained in the petition, we think, was sufficient. There could be no mistake about what was intended, and no one could be misled as to what was asked. The petition was the means of putting the town officer in motion, so that proper ballots might be prepared and the questions voted upon.

The order directing a resubmission is reversed, with $10 costs and printing disbursements. All concur.