In re ELECTORS OF TOWN OF NEWBURGH, ORANGE COUNTY.

(Supreme Court, Appellate Division, Second Department.  October 14, 1904.)

1. LIQUOR TAX—LOCAL OPTION QUESTIONS—SUBMISSION—OBJECTIONS—SU-
   PREME COURT—JURISDICTION—STATUTES.

   Election Law, §§ 56, 65 (Laws 1896, pp. 922, 930, c. 909), providing for
   the printing of ballots, selection of devices, etc., and declaring that a
   written objection to any certificate of nomination may be filed, etc., and
   the questions raised shall be heard and determined by the Supreme
   Court, or a justice thereof within the judicial district, or any county
   judge within his county, etc., has no application to the submission of
   local option questions under the liquor tax law, and hence the Supreme
   Court has no jurisdiction to pass on the sufficiency of a petition to re-
   strain a town clerk from printing ballots for the submission of such
   questions.

Appeal from Special Term, Orange County.

Petition by the electors of the town of Newburgh, Orange county,
for the submission of local option questions at the election to be held
on November 3, 1903.  From an order denying petitioners' application
for an order restraining the town clerk from printing ballots for the
submission of such questions, objectors appeal.  Dismissed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-
WARD, JENKS, and HOOKER, JJ.

Henry Kohl, for appellants.

J. Renwick Thompson, Jr., for respondents.

WILLARD BARTLETT, J.  I think we ought to dismiss this ap-
peal,  The proceeding appears to have been instituted by a petition and
affidavit upon which an order was granted returnable before a Special
Term of the Supreme Court, requiring the town clerk of the town of
Newburgh to show cause why certain petitions filed with him relative
to the submission of certain local option questions under the liquor tax
law (Laws 1896, p. 45, c. 112; as amended by Laws 1897, p. 207, c.
312; Laws 1899, p. 855, c. 398; Laws 1900, p. 849, c. 367; and Laws
1901, p. 1532, c. 640) should not be declared invalid, and why the
same should not be set aside, and why he should not be restrained
from printing ballots for the submission of the questions aforesaid.
The application was of a summary nature, and it appears to have been
supposed that there was jurisdiction to entertain it either on the part
of the Supreme Court or a justice thereof, under sections 56 and 65 of
the Election Law (Laws 1896, pp. 922, 930, c. 909).  An examination
of these sections, however, shows that they have no reference whatever
to petitions or other proceedings under the liquor tax law, but that they
relate solely to certificates of nomination under the provisions of the
election law.  The attempt to bring questions concerning the local
option provisions of the liquor tax law before the court by a summary
proceeding under sections 56 and 65 of the Election Law appears to me
to have been wholly without authority.  The court below therefore pos-
sessed no jurisdiction to pass one way or the other upon the sufficiency
of the petitions.  It would have been different in an injunction suit
by a taxpayer to restrain action by the town clerk; but such was not the
nature of this proceeding.

Inasmuch as the court at Special Term possessed no jurisdiction, I think the proper course for this court is neither to affirm nor reverse its decision, but to dismiss the appeal.

Appeal dismissed, with $10 costs and disbursements.    All concur.

HOOKER, J.    I concur with the views expressed in the opinion of Mr. Justice BARTLETT, and vote to dismiss the appeal, but, in any event, the appellants should not succeed.    The facts presented by the record are that on the 12th day of October, 1903—more than 20 days before the general election of that year and the biennial town meeting of the town of Newburgh, Orange county—there was filed with the town clerk of that town a petition purporting to be drawn under the local option provisions of the liquor tax law (section 16, c. 112, p. 57, Laws 1896, amended by chapter 312, p. 216, Laws 1897, chapter 398, p. 855, Laws 1899, chapter 367, p. 853, Laws 1900, and by chapter 640, p. 1535, Laws 1901).    On the 21st day of October, 1903, the appellants filed with the town clerk written objections to the filing and acceptance of the petitions upon the ground that they were not properly and formally executed and acknowledged.    The town clerk having refused to pass favorably upon the objections, and having indicated his intention to cause the local option questions to be submitted to the people of the town, the appellants procured, upon their petition, an order requiring the town clerk to show cause why the petitions should not be declared invalid, and set aside, and why he should not be restrained from causing the questions to be submitted at the town meeting.    The motion was opposed by certain of those who had signed the original petitions filed with the town clerk, and resulted in an order denying the motion, from which order the proponents have appealed to this court.

The record contains copies of the original petitions.    There seem to be two of these; some of the petitioners having signed one, and the balance the other.    This was evidently done for the sake of convenience in procuring the signatures and taking the acknowledgments.    Objection is made that in the one petition the certificate of acknowledgment made by the notary does not contain the date on which certain subscribers appeared before him and acknowledged the execution of the paper, and that upon the other petition no formal certificate of acknowledgment signed by the other notary is annexed, the only words appearing upon the latter petition, which might be intended to have the effect of acknowledgment, being, "Acknowledged, subscribed and sworn to before me, this 6th day of October, 1903."    In the view I take of this appeal, however, it is unnecessary to discuss the effect of these two objections.    There is appended to the first petition a full, complete, formal, and adequate certificate of a notary public that on a given day before the subscriber, the notary, personally appeared 45 signers of the foregoing petition, their names being included in the certificate of the notary, personally known to be the same persons described in and who executed the above petition, and that they severally acknowledged the execution of the same.    It affirmatively appears in the papers that the number of names of electors in the aggregate signed to both petitions exceeded 10 per cent. of the number of votes cast at the next preceding general election, but nowhere does it appear how many votes were cast at that time, nor is anything suggested from which a number equaling

10 per cent. thereof can be computed. For aught that appears, the 45 subscribers to the first petition, whose names are contained in the adequate certificate of the notary, may have comprised over 10 per cent. of the electors, and thus the requirement of section 16 of the Liquor Tax Law be met. Until facts to the contrary are shown by those who seek to attack proceedings under this section, it must be presumed, in view of the town clerk's action in submitting the questions, that the number of signers whose names are contained in the proper certificate were a sufficient number to require the clerk to act. I agree with the opinion expressed recently in the Third Department in Re Rice (Sup.) 88 N. Y. Supp. 512, that the burden is upon those attacking the vote to show as a matter of fact that the petition did not contain the requisite number of signatures. The appellants in this case claim that, if the names of those signers of the petition which are contained in the certificate of the first petition, where the date is omitted, and whose names are subscribed to the second petition, where no formal notary's certificate appears, were not counted, the number remaining would not meet the requirements of the statute, and would not show a desire on the part of at least 10 per cent. of the electors to have the propositions submitted; but in their papers they have omitted to show the important fact in this connection, namely, whether or not the balance of the names yet remaining, and which must be considered regularly presented to the town clerk, would comprise enough of the electors to carry the questions to a vote.