(30 Misc. Rep. 164.)

PEOPLE ex rel. CAFFREY v. MOSSO et al., Inspectors.

(Supreme Court, Special Term, Onondaga County. December, 1899.)

1. INTOXICATING LIQUORS—LOCAL OPTION—SUBMISSION OF QUESTIONS.

    Liquor-Tax Act, § 16, authorizes the submission of the question of the selling of intoxicating liquors in towns to a vote of the electors, in four distinct ways. The first relates to liquors to be drunk on the premises, and the fourth to the sale of liquors by hotel keepers, "but only in connection with the business of keeping a hotel in" the town, if the majority of votes cast on the first question are in the negative. *Held*, that the change of question 4, on ballots used at a town meeting, so as to read, "as a keeper of a hotel in the town of Volney," constituted a material alteration, and invalidated the entire submission.

2. SAME—NEW ELECTION—MANDAMUS.

    Since the liquor-tax law expressly provides for a special election, where the questions specified in section 16 thereof have been improperly submitted to the voters at the regular town election a peremptory mandamus will not be granted to compel the inspectors of election of such town to recount ballots returned as cast and counted by them on such questions, and to reject as void all ballots cast on which one of the questions to be submitted was improperly stated.

Application by the people, on the relation of James M. Caffrey, against Thomas Mosso and others, inspectors of election in the town of Volney, for a peremptory mandamus to compel defendants to reconvene and recount, and make an amended return of the results of an election at which the question of the sale of intoxicating liquors was submitted. Denied.

John W. Hogan and Frederick G. Spencer, for relator.

S. B. Mead, for defendant Hillick.

Charles G. Baldwin and Arvin Rice, for defendants Webb and others.

HISCOCK, J. At the election held in and for the town of Volney, county of Oswego, upon November 7, 1899, the attempt was made under the provisions of the liquor-tax law, and especially section 16 thereof, to have the inhabitants of said town vote upon the question of selling liquors in the various manners prescribed by law in said town. This controversy arises over the form in which question No. 4, enumerated in that section, was printed upon the ballot, and submitted to the votes of the inhabitants. This application is founded upon the claim and theory that said question was improperly printed upon the ballots; that said ballots, as to that question, at least, were void, and should not have been counted or returned by the inspectors.

I will consider first whether the question under consideration was properly printed upon the ballots and submitted to the voters. Section 16 provides that upon the face of the ballot to be voted at such town meeting by all persons who may legally vote thereat, "shall be printed the following questions submitted." The first question relates to the selling of liquors to be drunk on the premises where sold. The second question relates to selling liquors not to be drunk on the premises where sold. The third question relates to selling

liquor as a pharmacist, on a physician's prescription. The fourth question is the one under consideration, and the language of the statute is:

"Selling Liquor by Hotel Keepers. Shall any corporation, association, copartnership or person be authorized to traffic in liquors under subdivision one of section eleven of the liquor-tax law, but only in connection with the business of keeping a hotel in (here insert the name of the town), if the majority of the votes cast on the first question submitted are in the negative?"

At the election in said town in November this fourth question was printed upon the ballots as follows:

"Selling Liquor by Hotel Keepers. Shall any corporation, association, copartnership or person be authorized to traffic in liquors under subdivision one of section eleven of the liquor-tax law as a keeper of a hotel in the town of Volney?"

The last wording actually employed upon the ballots was that of the statute before the amendment of the law of 1897, which provided for the form of question first above quoted.

The vote upon the propositions submitted at the election in question was:

|             | Number | Yes | No  | Blank |
|-------------|--------|-----|-----|-------|
| Proposition | 1      | 493 | 607 | 262   |
| Proposition | 2      | 460 | 586 | 241   |
| Proposition | 3      | 591 | 453 | 241   |
| Proposition | 4      | 525 | 544 | 196   |

The language of the statute prescribing the form in which these questions shall be printed upon the ballots is mandatory, and I presume it will be conceded that any material difference between the form dictated by the statute and that employed upon the ballots would be fatal. The only question is whether the variation in the form of question No. 4 as used upon the ballots from the form prescribed by the statute is a material one. I think it is. Beyond any doubt, the same result could be attained by a voter employing the forms of questions printed on the ballot which was submitted to him at the election in Volney that could have been attained if the fourth question had been printed upon the ballot in the form prescribed by the statute. He could vote "No" upon question No. 1, and "Yes" upon question No. 4, and thus, while voting against the general issue of licenses, as covered by question No. 1, vote in favor of hotel licenses. But the fact that the legislature saw fit to change the form of question No. 4 in the respect that it did is some evidence upon this question of materiality. One apparent result of making the change was to call more plainly to the mind of the voter the relation between questions No. 4 and No. 1, and to emphasize the fact that he could, by voting "Yes" upon question No. 4, and "No" upon question No. 1, favor the selling of liquor by hotels and not by saloons. There may have been other purposes in the changes made by the amendment of the law of 1897, but, if the amended form of question did nothing more than I have indicated, it could not be disregarded as immaterial.

The inquiry next arises as to how far the defective wording of question No. 4, and the resulting ineffectiveness of the voting upon

that question, affect the voting upon the other three excise questions submitted at the same time. And upon this question I reach the conclusion that, if the election is to be regarded as invalid as to the fourth question, it should be so treated as to all of them. Questions Nos. 1 and 4 are certainly so related to each other that they should be voted upon at the same time. Questions Nos. 2 and 3 are closely related to each other, and, while not so closely related to questions Nos. 1 and 4 as they are to each other, still they form part of one entire system for submitting to the people of a town the question of local option. It might very well be that a voter's choice in voting upon one of the four questions would be affected by his power to vote in a certain way upon others of them; that, in order to work out a vote upon the general subject of selling liquor which would be satisfactory to him, it would be necessary for him to vote upon all of these questions. It is true that this purpose might be answered to some extent by the voter's passing upon question No. 4, and assuming and knowing what the results of an election at a prior date had been upon the other three questions. But this does not strike me as being the purpose or intention of the statute.

The remaining question is whether the relator has sought the proper relief in his application for a mandamus. I do not think he has. My attention has been called to no authority which would enable the inspectors to reject as void the ballots cast at the recent election, because of the improper wording already commented upon. Wherever ballots have been cast out and rejected as void under the present election laws, it has been for reasons far different from that urged here as the basis for a mandamus. All of the cases which have been called to my attention which have directed such rejection to be made have been based upon the theory that the ballots were to be treated as marked ballots, or were in such form that they might be made the instruments of fraud or avoid the provisions of the election law. That is not this case at all. Moreover, the granting of a writ of peremptory mandamus is more or less discretionary, and the general rule is that it will not be granted where there is some other adequate remedy. The liquor tax law itself expressly provides the manner in which such an error as that found here may be corrected. It provides expressly for a special election where the propositions already commented upon have not been properly submitted at an election. In the language of this provision for a new election is also found authority for the opinion above advanced, that all four propositions should be submitted, instead of the one in regard to which the error has been made. Even if a writ of mandamus should be granted, as requested by the petitioner, the ultimate effect thereof would be to lead to a new election, and to a proper submission of the questions. Therefore I think this application should be denied in the first instance, and the correction of the error complained of left to a new election, in accordance with the provisions of the statute. The application for a writ of mandamus is therefore denied, with $10 costs.

Application denied, with $10 costs.