(32 Misc. Rep. 439.)

## In re ARNOLD.

(Supreme Court, Special Term, Steuben County.  August, 1900.)

1. LOCAL OPTION—SUBMISSION TO VOTERS—BALLOTS—VALIDITY.

Election Law 1896, c. 909, § 82, provides that whenever the adoption of a constitutional amendment or any other proposition is to be submitted to the vote of the electors of the state, or any district thereof, a separate ballot shall be provided by the same officers who prepare the official ballots for candidates for public offices. *Held*, that the fact that the question whether liquor should be sold in a certain city was submitted to the voters on the same ballot with constitutional amendments did not invalidate the vote as to such question, and hence did not entitle the city to resubmit the question at a subsequent special election.

2. SAME—FAILURE TO NUMBER QUESTIONS—MATERIALITY.

Where the questions whether liquor should be sold in a certain city were placed on the ballot after four constitutional amendments, the fact that such questions were numbered 5, 6, 7, and 8, instead of 1, 2, 3, and 4, did not render the submission of the questions illegal, as tending to confuse the voters.

3. SAME—FORM OF QUESTION—STATUTORY COMPLIANCE.

Liquor Tax Law 1897, c. 312, § 9, provides that, in submitting the question to voters whether liquor shall be sold by hotel keepers, the question shall read, "Shall any corporation, association, co-partnership or person be authorized to traffic in liquors, * * * but only in connection with the business of keeping a hotel, * * * if the majority of the votes cast on the [general question of selling liquors] are in the negative?" *Held*, that the fact that in submitting such a question the clause, "if the majority of the votes cast on the [general question of selling liquors] are in the negative," was omitted from the ballot, was not sufficient to invalidate the vote on the question, since it did not tend to deceive the voters.

Application by Justice C. Arnold for an order for a special town meeting to submit the question of local option to the voters of the town of Prattsburg.  Order denied.

James Flaherty, for petitioner.

P. W. Cullinan, for Steuben county treasurer.

DUNWELL, J.  Motion for an order to submit the question of local option under the liquor tax law to a special town meeting of the town of Prattsburg, N. Y., upon the ground that such question was not properly submitted at the biennial town meeting held in connection with the general election November 7, 1899.  It appears that certain proposed amendments to the constitution, four in number, were submitted at the same time, upon the same ballot, with the questions relating to local option under the liquor tax law.  The liquor tax questions, four in number, immediately followed the proposed constitutional amendment questions, upon the same ballot. The proposed amendment questions were numbered 1, 2, 3, and 4. The liquor tax questions followed, with consecutive numbers, 5, 6, 7, and 8.  It is alleged by the petitioner that the placing of the liquor tax questions upon the same ballot with the constitutional questions was improper.  This objection is untenable, as the election law expressly provides that all such questions shall be submitted upon the same ballot.  See Election Law 1896, c. 909, § 82.  It is

further objected that the numbering of the questions 5, 6, 7, and 8, instead of 1, 2, 3, and 4, as they appear in the liquor tax law, is im-·proper. It would, perhaps, have been more orderly to submit the liquor tax questions under the same numbers under which they appear in the liquor tax law. But, inasmuch as the ballot submitted upon the motion shows that the headings to the several questions were prefixed to each question upon the ballots used by the voters, explaining each question, and almost precluding any occasion for referring to them by number, I do not deem the manner of numbering the questions upon the ballot material, and do not consider that the voters could have been confused by reason thereof, as charged in the petition. ,

The form of question 4 of the liquor tax law, appearing as ·question 8 upon the ballot in question, did not contain the words added to the question by the amendment of 1897, c. 312, § 9. The petition alleges that, in consequence of the failure to comply with the amendment, the propositions were not properly submitted, and that the petitioner is entitled to have the questions submitted to a special town meeting, as the remedy provided by section 16 of the liquor tax law. The question upon the ballot, as submitted, reads:

"Selling Liquor by Hotel Keepers.

"Yes —
"No —
"Shall any corporation, association, co-partnership, or person be authorized to traffic in liquors, under subdivision one of section eleven of the liquor tax law, as the keeper of a hotel, in the town of Prattsburg?"

This form of question was in accordance with the statute before the amendment. The question in the statute, as amended, reads:

"Selling liquor by hotel keepers only: Shall any corporation, association, copartnership or person be authorized to traffic in liquors under subdivision one of section eleven of the liquor tax law, but only in connection with the business of keeping a hotel in (here insert the name of the town), if the majority of the votes cast on the first question submitted are in the negative?"

As was said in People v. Wood, 148 N. Y. 147, 42 N. E. 536, where the clerk who prepared the official ballot improperly inserted the names of judicial candidates of one party in the local column of another, thus giving to the candidates so favored an important benefit:

"The object of elections is to ascertain the popular will, and not to thwart it. The object of election laws is to secure the rights of duly qualified electors, and not to defeat them."

In that case the result of the election was sustained, notwithstanding the clerk's error.

In People v. Hamilton, 42 App. Div. 212, 59 N. Y. Supp. 943, it was held that irregularities in the certificate of an election officer cannot be worked to defeat the will of the electors, and that the intention of the electors is paramount thereto. This principle is conceded by all the cases and writers upon the subject. It follows, in the present case, if the electors have intelligently voted upon the question whether hotels shall be permitted to sell liquors upon the premises, under the liquor tax law, in the town of Pratts-

burg, their decision should not be disturbed. The questions, as they appeared upon the ballot, were preceded by the words "Yes" and "No," thus indicating to the voter that he was at liberty to vote in the affirmative or negative upon the question under consideration (question 8 upon the ballot), however he may have voted upon any preceding question. The language of the body of the question, relating to hotels, upon the ballot used, is clear; and it is difficult to perceive how a voter of common understanding could be misled, or find difficulty in expressing his intention. With either ballot he would achieve the same result by the same vote. The amendment is explanatory, no doubt, of the seeming inconsistency of first voting "No" upon the general proposition whether liquors shall be sold to be drunk upon the premises, without qualification, and then voting "Yes" in respect to hotels, which are also places where liquors are sold to be drunk upon the premises. The amended form of the question may remove the supposed inconsistency, but it is doubtful if it makes the voter's way more clear in the act of casting his ballot. I doubt if, in the hands of the voter, the use of the amended ballot makes any practical difference in the result. Keeping in mind that the intention of the voter, as expressed at the ballot box, is not to be disturbed, except for substantial reasons, and regarding the objections raised as technical only, I am of the opinion that no sufficient reason has been shown why the election already held should be set aside, or why a special town meeting should be called to again pass upon these questions.

My attention has been called to the case of People v. Mosso, 30 Misc. Rep. 164, 63 N. Y. Supp. 588, which is contrary to the views here expressed; but, with great respect for the authority of that case, still, for the reasons hereinbefore stated, I am constrained to adhere to the foregoing opinion.

It follows that the petition must be dismissed, and the motion denied; but, because of the conflict of judicial opinion as to effect of the amendment under consideration, the denial of the motion is without costs. Ordered accordingly.