County Court, Washington County, December, 1903. Unreported.

In the Matter of the Application of William Munson for a Special Election in the Town of Granville, N. Y., under Section 16 of the Liquor Tax Law and the Acts Amendatory Thereof.

Hearing held at the Washington County Court chambers, in the village of Sandy Hill, New York, on the 9th day of December, 1903, at 10 a. m., before Hon. Nash Rockwood.

Appearances:

*John Gilroy, Esq.,* for petitioner.

*Hon. D. S. Potter,* counsel.

*Hon. S. E. Everts,* for C. W. Atwood, John W. Edwards and others.

*William G. Van Loon, Esq.,* for P. W. Cullinan, State Excise Commissioner.

By Hon. S. E. Everts: I ask to be brought in specially as a party in behalf of C. W. Atwood, a justice of the peace and one of the canvassing board, a taxpayer and elector; I ask also to be allowed to appear for John W. Edwards, a trustee of the village of Granville, a taxpayer and elector.

By the Court: It not appearing that the town board is a proper party to the proceeding, or that the trustees of the village of Granville are a proper party, I deny the motion. The moving party, however, may present such arguments as are desired in the matter, there being no objection.

Hon. S. E. Everts: Reserving all rights, I renew the motion to appear upon the merits for the same parties as before, and also for 370 electors of the town of Granville, who have executed a petition and which is filed herewith.

By the Court: The motion to make the electors parties to the proceedings is denied, there not appearing to be any statutory requirement therefor. The moving parties may present such

arguments as they may be advised, and any affidavits which they desire will be also considered in the determining of this motion.

### DECISION.

This is a motion for an order calling a special town meeting for the resubmission to the electors of the town of Granville, Washington county, N. Y., of the question of local option, under section 16 of the Liquor Tax Law.

At the general election, held November 3d, the town ballots were prepared by the town clerk, and presented four questions to the electors, upon which the election was held. It is now claimed that these questions were not properly submitted. " Question 3," as submitted, refers to subdivision 2 of the act, whereas the question, as provided in the statute, refers to subdivision " 3." Question 4, as submitted, omitted " if the majority of the votes cast on the first question submitted are in the negative?" The town clerk failed to comply with the law by not filing with the county clerk, within the proper time, a certified copy of the petition.

It is urged that owing to the defects in the ballot and the error of the town clerk there was not a proper submission to the electors of the town of Granville of the question of local option.

It is apparent from the ballot and the reading of the statute, that the statutory question, as prescribed, is not, in fact, set forth upon the ballot, and there is no contention but that the town clerk did err in failing to file the proper certificate.

The decision of Judge DUNWELL, 32 Misc. Rep. 439, is cited by those opposed as authority for the proposition that the omission of the " words," as quoted from question 4 is not material. The *People ex rel. Caffrey* v. *Mosso,* 30 Misc. Rep. 164, in which the decision is by Judge HISCOCK, holds a view contrary to the one decided by Judge DUNWELL.

I am inclined to the opinion that the statute relative to the election should be carried out.