In the Matter of the Application of WILLIAM MUNSON, Respondent, for a Special Election in the Town of Granville, New York, under Section 16 of the Liquor Tax Law and the Acts Amendatory Thereof.

PATRICK W. CULLINAN, as State Commissioner of Excise of the State of New York, and JOHN W. EDWARDS, Appellants.

*Resubmission to the electors of a town of the local option questions — waiver of the objection that a motion noticed before a county judge was made before the County Court held by a judge of another county — what order is a court order and what a judge's order — proper procedure on a motion to intervene — omission, from the submission of the fourth question, of the words "if the majority of the votes cast on the first question submitted are in the negative."*

A court order should have a caption reciting the time, place and term of court. A judge's order, however, is not vitiated because it contains such a caption, as the caption may be treated as surplusage. The body of an order may be examined for the purpose of determining whether it was made by a court or a judge.

A petition, for the resubmission to the electors of a town in Washington county of the local option questions specified in section 16 of the Liquor Tax Law with respect to the sale of liquors, was addressed to "the County Judge of the County of Washington." When the proceeding came on for a hearing the parties found that the county judge of Washington county was absent, but that a regularly constituted County Court presided over by the county judge of Saratoga county was in session. The parties, without objection that the petition was addressed to the county judge, voluntarily submitted the matter to the court upon the merits. An order directing the resubmission of the questions was granted, the caption of which was "County Court, Washington County. Hon. Nash Rockwood, County Judge of Saratoga County, presiding." The body of the order contained a recital that the county judge of Saratoga county had been called upon and requested to hold the present term for the county judge of Washington county, and that the county judge of Saratoga county was in said county for the purpose of holding said court pursuant to such request. At the foot of the order was a further recital that the order was made at a Special Term held in and for the county of Washington at the chambers of the county judge of that county.

*Held*, that the parties must be deemed to have waived the presentation of the matter to the county judge of Washington county, and to have voluntarily submitted the controversy to the County Court of that county;

That the order directing the resubmission should be deemed a court order, and that Washington County Court held by the county judge of Saratoga county had jurisdiction to make it.

*Semble,* that if the order was a judge's order, the county judge of Saratoga county had no authority to make it.

A motion by electors and taxpayers of the town to intervene in such a proceeding is properly denied where they gave no notice of the motion and made no formal application to intervene except by appearance at the hearing.

Where it appears that the four propositions to be voted upon by the electors were submitted in the language of section 16 of the Liquor Tax Law, with the exception that there was omitted from the 4th proposition the following phrase: "If the majority of the votes cast on the first question submitted are in the negative," a resubmission of the propositions will be ordered.

APPEAL by Patrick W. Cullinan, as State Commissioner of Excise of the State of New York, and another, from an order of the County Court of Washington county, entered in the office of the clerk of the county of Washington on the 9th day of December, 1903, directing a resubmission of the local option questions to the voters of the town of Granville, and refusing leave to the appellant John W. Edwards and others to intervene in the proceeding.

*William G. Van Loon,* for the appellant Patrick W. Cullinan.

*S. E. Everts,* for the appellant John W. Edwards.

*J. A. Kellogg* and *John Gilroy,* for the respondent.

HOUGHTON, J. :

At the town meeting in November, 1903, in pursuance of a proper petition therefor, the electors of the town of Granville, in the county of Washington, voted upon the four propositions specified in section 16 of the Liquor Tax Law with respect to the sale of liquors in that town. The result was a majority against all the propositions except for the sale of liquor by pharmacists on physicians' prescriptions. A proper petition for resubmission was filed, and the respondent Munson applied by a petition addressed to " the County Judge of the County of Washington " for an order directing a special town meeting to be held for such purpose. An order for such resubmission was granted, the heading of which is " County Court, Washington County. Hon. Nash Rockwood, County Judge of Saratoga County, presiding." In the body of the order it is recited that the Saratoga county judge had been called upon and requested to hold the present term of the County Court, by the Washington county judge, and that said Saratoga county judge

was in said county for the purpose of holding said court pursuant to such request, and at the foot of the order it is further recited that it is made at a Special Term held in and for the county of Washington, at the chambers of the county judge of that county.

The jurisdiction of the Saratoga county judge to make this order is assailed on the appeal, although no objection was made thereto on the hearing. If the order must be treated as a judge's order we think the point is well taken. Section 342 of the Code of Civil Procedure, which provides that if a county judge for any cause is incapable of acting in a special proceeding pending before him, a certificate to that effect shall be made, relates to the transferring of such proceeding for disability to some justice of the Supreme Court within his judicial district. (*Matter of Munger*, 10 App. Div. 347.) The provisions of sections 52 and 53 of the Code of Civil Procedure seem to contemplate, in case of inability on the part of the county judge to act, that the proceeding shall be transferred to a like officer in an adjoining county, who shall proceed thereon as though the proceeding were originally brought in his own jurisdiction. But we are inclined to the opinion that the order must be sustained as a court order. Section 14 of article 6 of the Constitution provides that "a county judge of any county may hold County Courts in any other county when requested by the judge of such other county." Section 16 of the Liquor Tax Law provides that an order such as the one in question may be made by the Supreme Court or County Court, or a justice or judge thereof, respectively. There were, therefore, four tribunals before which a party could bring proceedings for such an order. This same section of the Liquor Tax Law provides that notice of application for such order need be given to no one except the State Commissioner of Excise. The petition for the order, made by the respondent Munson, was addressed to the county judge of Washington county, and regular notice was given to the State Commissioner of Excise of the application, and he appeared by attorney. On that appearance both parties to the proceeding, being represented by counsel and being of full age, found the county judge absent, but they found also a regularly constituted County Court in session having jurisdiction of the subject-matter. They voluntarily submitted the matter to it upon the merits, without objection that the petition was addressed to the county judge.

It was competent for the parties to appear before one of the tribunals specified in the Liquor Tax Law without notice, and on papers which they chose to use whatever their verbiage may have been. Having done this, we think that the parties must be deemed to have waived presentation of the matter to the county judge of Washington county, and to have voluntarily submitted the controversy to the County Court of that county. This being so, it remains to consider whether or not the order appealed from can be deemed a court order rather than a judge's order. A court order should have a caption reciting the time and place and term of court. A judge's order, however, is not vitiated because it contains such a caption, for the caption may be treated in such a case as surplusage. (*Phinney* v. *Broschell*, 19 Hun, 116; affd., 80 N. Y. 544; *Matter of Knickerbocker Bank*, 19 Barb. 602.) And the body of the order may be looked into for the purpose of determining whether it was made by a court or by a judge. (*Phinney* v. *Broschell*, 80 N. Y. 546; *Borthwick* v. *Howe*, 27 Hun, 505.) The order involved in the latter case was one discharging an imprisoned debtor, the proceedings for which were required by statute to be brought in the County Court. The debtor's petition was addressed to the county judge by name, but it was presented to the County Court and acted upon at a term of court. The order was held good and that naming the judge did not deprive the court of jurisdiction. While the practice is bad and should not be followed, our conclusion is that the recital in the body of the order that it was made at a Special Term of the court, gives it that character and that it must be deemed a court order.

And we think the order for resubmission and directing a special town meeting therefor was proper. The four propositions to be voted upon were submitted in the language of section 16 of the Liquor Tax Law, except the fourth from which was omitted the phrase at the end thereof, "If the majority of the votes cast on the first question submitted are in the negative." The first question related to selling liquor to be drunk on the premises where sold. The omission of the proviso might very well have misled a voter who desired the sale of liquor in the town into voting for the first proposition and voting against the fourth proposition which provided for the selling of liquor by hotelkeepers only. When the excise

questions are presented to the voters of a town, the elector, if he votes at all, must first determine whether he is against the sale of liquor in any form, or whether he is in favor of selling liquor to be drunk on the premises, or by measure and not to be drunk on the premises, or by pharmacists on physicians' prescriptions, and lastly by hotelkeepers alone. If he is in favor of all of the propositions he votes them all except the fourth. But a large class of voters may be in favor of the sale of liquors by hotels only. They could vote for the first proposition and thus under the provisions of subdivision 1 of section 11 of the Liquor Tax Law give hotelkeepers the right to a license, but by doing that they would also be voting in favor of licenses to saloons. Such electors should have it distinctly placed before them that in case the first proposition should be defeated they then could have the privilege of voting for license to hotelkeepers only. The omission of the proviso contained in the statute from the ballot might have deprived many voters of this knowledge and so led them into voting contrary to their intention.

On the hearing of the matter appellant Edwards and various electors and taxpayers of the town asked to intervene and be made parties to the proceeding. Whether this should have been permitted or not, their manner of procedure was such that the court properly denied their application. No notice was given and no formal application made except by appearance at the hearing; but no harm was done in any event, for the court allowed them to be heard, submit affidavits, which form a part of the record, and to file a brief.

On the argument the court was informed that no special town meeting under the order had been held and that the time fixed therefor had passed.

The order should be affirmed and remitted to the County Court of Washington county for the purpose of fixing the time for holding such special town meeting.

All concurred.

Order affirmed, with ten dollars costs and disbursements against the appellant Cullinan, and proceeding remitted to the County Court of Washington county for the purpose of fixing time for holding special town meeting.