In the Matter of the Application of GEORGE RICE, Respondent, for a Special Election in the Town of Greenwich, New York, under Section 16 of the Liquor Tax Law, and the Acts Amendatory Thereof.

PATRICK W. CULLINAN, as State Commissioner of Excise of the State of New York, Appellant.

*Resubmission to the electors of a town of the local option questions — what omission from the questions asked does not require it — failure to file a certified copy of the petition in the county clerk's office — to what case such provision applies — the reason for such filing has ceased — a substantial compliance as to time is sufficient — burden of showing that the requisite signatures were attached — form of the petition as to the questions to be submitted.*

Where the ballot for the submission to the electors of a town of the local option questions specified in section 16 of the Liquor Tax Law sets forth the various questions in the language of the statute except that, in the heading of the 4th proposition, the word "only" is omitted so that the question reads "Selling liquor by hotel keepers," instead of "Selling liquor by hotel keepers only," the omission does not require a resubmission of the propositions to the electors, when it appears that the various propositions were fully explained in the body of the ballot.

The provision of section 16 of the Liquor Tax Law providing that the town clerk shall, within five days after the receipt by him of the petition for the submission of the local option questions, file in the county clerk's office a certified copy of such petition, only applies when the local option propositions are to be submitted at the time of holding a general election, and was inserted for the purpose of enabling the county clerk to prepare the ballots.

The reason for this requirement of the section no longer exists as section 86 of the Election Law (Laws of 1896, chap. 909, as amd. by chap. 405 of the Laws of 1902) provides that the town clerk shall furnish the ballots for town propositions even though the town meeting be held on a general election day.

*Semble,* that even if the provision be still in force, the filing of a certified copy of the petition in the county clerk's office on the seventh day after its receipt by the town clerk and more than twenty days prior to the election constitutes a substantial compliance with the statute.

On a motion for a resubmission of the local option propositions to the electors, the burden of showing that the original petition did not have attached thereto the requisite number of signatures rests upon the moving parties.

A petition stating that the petitioners "request the submission at the next biennial town meeting * * * of the several questions in relation to the sale of liquors in the town of Greenwich aforesaid, as provided by section 16 of the Liquor Tax Law," states the questions to be submitted with sufficient plainness to satisfy the requirements of the statute.

APPEAL by Patrick W. Cullinan, as State Commissioner of Excise of the State of New York, from an order of the County Court of Washington county, bearing date the 9th day of December, 1903, and entered in the office of the clerk of the county of Washington, directing a resubmission of the local option questions to the voters of the town of Greenwich.

*William G. Van Loon,* for the appellant.

*J. A. Kellogg* and *Herbert Van Kirk,* for the respondent.

HOUGHTON, J.:

The order appealed from was made at the same time and under the same circumstances as the order in *Matter of Munson* (95 App. Div. 23), and the conclusions and reasons stated in the opinion therein with respect to the character and validity of the order apply to this case. But there were no such errors in the submission of the excise questions to the voters of the town of Greenwich as existed in that case, and this order must be reversed.

The various questions were properly printed upon the ballot in the words of section 16 of the Liquor Tax Law, except that in the heading of the 4th proposition the word " only " was omitted, so that the question read : " Question 4. Selling liquor by hotel keepers," instead of " Selling liquor by hotel keepers only." In the body of the question, however, appeared the words, " but only in connection with the business of keeping a hotel." This was not such an omission as misled the voter. The various propositions were stated with proper headings : *First,* selling liquor to be drunk on the premises where sold ; *second,* selling liquor not to be drunk on the premises where sold ; *third,* selling liquor as a pharmacist on a physician's prescription ; and, *fourth,* as above stated. Following the various headings were the words of the statute explaining in what manner sales under the various headings were allowed. The omission of the word " only " in the caption is too trivial, in view of the full explanations contained in the various propositions printed on the ballot, to make the vote a nullity, or so irregular as to require a resubmission.

The further defect alleged is that the town clerk with whom the original petition was filed failed to file a certified copy in the clerk's

office in the county of Washington within five days of its receipt by him. The vote was had on the third day of November, and the original petition was filed in the town clerk's office on the fifth day of October, and on the twelfth a certified copy was received and filed in the Washington county clerk's office. The provision of section 16 of the Liquor Tax Law with respect to filing a certified copy of the petition in the county clerk's office, applies only when the excise questions are to be submitted at the time of holding a general election. The reason for the filing of such certified copy of the petition, evidently, was that the county clerk might prepare the ballots. Where a town election is held on the day of a general election, the furnishing of the ballots therefor devolves upon the county clerk, which might be said to include the furnishing of ballots for the local option questions. But by chapter 405 of the Laws of 1902, section 86 of the Election Law (Laws of 1896, chap. 909) was amended by providing that even where the town meeting was held on a general election day, ballots for town propositions should be provided by the town clerk in like manner as though the town meeting was held at another time. The reason, therefore, for the direction in the Liquor Tax Law for filing the certified copy of the petition for submission of the excise questions with the county clerk failed, for he was no longer required to furnish the ballots to be voted upon such propositions. In addition, the certified copy of the petition was in fact filed more than twenty days prior to the taking of the vote. The same section which requires the filing of a certified copy of the petition requires that the town clerk shall, at least ten days before the town meeting, cause notice of the fact that local option questions will be submitted to be printed and posted in at least four public places of the town. Notwithstanding a similar provision in the Town Law (Laws of 1890, chap. 569, § 32, as renumbered from § 34 by Laws of 1897, chap. 481), the fourth department, in *People ex rel. Crane* v. *Chandler* (41 App. Div. 178), held that a notice of four days was a substantial compliance with the statute and did not necessitate a resubmission of the question to the electors at a special town meeting. Much less does the error here complained of demand a resubmission.

It is further urged that it does not appear on the face of the original petition that the signatures attached thereto constitute ten

per centum of the votes cast at the next preceding general election. We do not think it is necessary for the petition to show this. If, in fact, ten per cent did not request the submission of the local option questions, the petition would be a nullity. The burden, we think, was upon those attacking the vote to show, as matter of fact, that the petition did not contain the requisite number of signatures. This the respondent has failed to do, and in view of the proposition having been submitted by the public authorities having charge of the election, it must be presumed that a sufficient number signed the petition.

It is also urged that the petition did not plainly state the questions to be submitted. The language used was, "request the submission at the next biennial town meeting * * * of the several questions in relation to the sale of liquors in the town of Greenwich aforesaid, as provided by section 16 of the Liquor Tax Law." We think this was sufficient. There was no occasion for setting forth in full the questions contained in section 16 of the Liquor Tax Law That act was a public act and provided what questions and in what manner they should be submitted to the electors of the town, and reference to the law and the subject as contained in the petition, we think, was sufficient. There could be no mistake about what was intended, and no one could be misled as to what was asked. The petition was the means of putting the town officer in motion, so that proper ballots might be prepared and the questions voted upon.

The order directing a resubmission is reversed, with ten dollars costs and printing disbursements.

All concurred.

Order reversed, with ten dollars costs and disbursements against the respondent.