County Court, Broome County, May, 1905. Unreported.

In the Matter of the Application of SIMON P. QUICK, for a Special Election in the Town of Windsor, Broome County, New York, Under Section 16 of the Liquor Tax Law and the Acts Amendatory Thereof.

Appearances:

*E. D. Cumming, Esq.,* attorney for the petitioner.

*H. S. Williams, Esq.,* for the Board of Town Canvassers.

*William E. Schenck, Esq.,* attorney for the State Commissioner of Excise.

PARSONS, J.: At the general election held on November 8th, 1904, there was an attempt to submit to the electors of the town of Windsor, the four local option questions specified in section 16 of the Liquor Tax Law. The result of such vote on the 1st, 2d and 4th questions specified in said section 16, in the form in which they were submitted to the voters, was to prohibit the sale of liquor in each case; while in question 3, in the form in which it was submitted, the result was in favor of permitting liquor to be sold as specified in that question.

It is now contended by the petitioner herein that the said election so far as it affects the local option question submitted at that time, is null and void for the following reasons:

1st. That a certified copy of the petition was not filed with the county clerk, as required by law.

2d. That the ballots were irregularly, improperly and illegally printed; and

3d. That the notices posted and published did not comply with the requirements of the Liquor Tax Law.

The answer on the part of the State Commissioner of Excise and the board of town canvassers is that the contention of the petitioner is without avail, and that the questions were properly and legally submitted unless it can be said that the petition which was filed with the town clerk, calling for a vote upon the questions specified in section 16 of the Liquor Tax Law, was illegal and void.

We will now consider whether the petition filed was a sufficient and valid petition, and then consider the other questions above mentioned in their order.

Section 16 of the Liquor Tax Law provides in part as follows:

"In order to ascertain the will of the qualified electors of each town, the following questions shall be submitted at each biennial town meeting hereafter held in any town of this state provided the electors of the town to the number of ten per centum of the votes cast at the next preceding general election shall request such submission, by written petition signed and acknowledged by such electors before a notary public or other officer authorized to take acknowledgments or administer oaths, which petition shall be filed not less than twenty days before such town meeting with the town clerk of the town."

A petition was filed with the town clerk of the town of Windsor on September 25th, 1904, and among the papers submitted to the court in this matter is one which is certified by the said clerk to be a true copy of the said petition as the same appeared on February 18th, 1905. The said petition, among other things, provides as follows:

"We, the undersigned electors of the town of Windsor, Broome county, State of New York, do hereby respectfully petition that the question of selling liquor in pursuance of the several subdivisions of the Liquor Tax Law in the town of Windsor, N. Y., be submitted to a vote of the electors of the said town at the coming election held November 8th, 1904, the following questions to be legally and properly submitted and proper ballots furnished in accordance with the said Liquor Tax Law and the amendments thereto:

"First. Shall liquor be sold to be drunk on the premises where sold. Shall any corporation, association, copartnership or person be authorized to traffic in liquors, under the provisions of subdivision one of section 11 of the Liquor Tax Law, in the town of Windsor, Broome County, New York.

"Second. Selling liquor not to be drunk on the premises where sold. Shall any corporation, association, co-partnership or person be authorized to traffic in liquors, under the provisions of subdivision number two of section 11 of the Liquor Tax Law, in the town of Windsor, New York.

"Third. Selling liquor as a pharmacist on physicians' prescriptions. Shall any corporation, association, co-partnership or per-

son be authorized to traffic in liquors, under the provisions of subdivision three of section 11 of the Liquor Tax Law, in the town of Windsor, New York.

"Fourth. Selling liquor by hotel keepers. Shall any corporation, association, co-partnership or person be authorized to traffic in liquors under subdivision number one of section 11 of the Liquor Tax Law, as a keeper of a hotel, in the town of Windsor, New York, *if a majority of the votes cast on the first proposition are in the negative?*"

The names of sixty-three persons are attached to and form a part of the petition and sixty-one of the said persons appear to have duly acknowledged the execution of the said petition. It does not affirmatively appear from the petition that the sixty-one signatures attached thereto constitute ten per centum of the votes cast at the next preceding general election. In the absence of anything further on that question the presumption would exist, in view of the fact that the town clerk submitted the questions to the electors, that the number of signers whose names are contained in the petition was sufficient to require the clerk to act, and this presumption would exist until the answering parties overcome the same by competent proof. (*Matter of Rice,* 95 App. Div. 28; *Matter of Town of Newburgh,* 97 App. Div. 438.)

As a matter of fact it does appear from the moving papers herein that the requisite number of electors did sign and acknowledge the said petition.

While the petition did not set forth the questions to be submitted in the language of the statute, it did recite and ask that the questions of selling liquor in pursuance of the several subdivisions of the Liquor Tax Law be legally and properly submitted and proper ballots furnished in accordance with the said law and the amendments thereto. It then recited the several questions to be submitted as hereinbefore set forth. This was sufficient to apprise the town clerk of the questions to be prepared and submitted to the electors. (*Matter of Rice,* 95 App. Div. 28.)

Section 16 of the Liquor Tax Law provides: "The town clerk shall within five days from the filing of such petition in his office, prepare and file in the office of the county clerk of the county a certified copy of such petition, provided the town meeting at which said questions are to be submitted is to be held at the time of the general election."

In the case now under consideration the town clerk failed to

file with the county clerk a certified or any other copy of the petition, and it is contended by the answering parties herein that this failure on the part of the town clerk was fatal to the proper submission of the said questions to the electors; and in that connection, the court's attention was called to the case of *McMullen* v. *Berean,* (29 Misc. 443), in which case the court held that the petition should be filed with the county clerk at least twenty days prior to the day of election. Since the said decision the law has been amended and a fair interpretation and construction of the law as it exists to-day was well expressed by HOUGHTON, Justice, in the *Matter of Rice,* (95 App. Div. 28), as follows:

"The provision of section 16 of the Liquor Tax Law with respect to filing a certified copy of the petition in the county clerk's office, applies only when the excise questions are to be submitted, at the time of holding a general election. The reason for the filing of such certified copy of the petition, evidently, was that the county clerk might prepare the ballots. Where a town election is held on the day of a general election, the furnishing of the ballots therefor devolves upon the county clerk, which might be said to include the furnishing of ballots for the local option questions. But, by chapter 405 of the Laws of 1902, section 86 of the Election Law (Laws of 1896, chap. 909) was amended by providing that even where the town meeting was held on a general election day, ballots for town propositions should be provided by the town clerk in like manner, as though the town meeting was held at another time. The reason therefore, for the direction in the Liquor Tax Law for filing the certified copy of the petition for submission of the excise questions with the county clerk failed, for he was no longer required to furnish the ballots to be voted upon such propositions."

In the case just above referred to a certified copy of the petition was filed in the office of the county clerk seven days after the petition was filed with the town clerk and more than twenty days previous to the election at which the questions were submitted; but assuming that no certified copy of the petition had been filed with the county clerk, I still believe and hold that the proposition of law as hereinbefore expressed is good.

Section 16 of the Liquor Tax Law further provides:

" Whenever such questions are to be submitted under the provisions of this act, it shall be the duty of each officer charged by law with the duty of preparing the official ballots for such town

meeting or election, to have prepared at the time fixed by law for preparing the official ballots for such town meeting or election, the ballots required by the election law for voting upon any constitutional amendment, proposition or question in the form and of the number required by the election law, upon the face of which *shall be printed in full* the said questions as heretofore stated."

The ballot as printed omitted from the first question these words: "*namely, by selling liquor to be drunk on the premises where sold.*"

It omitted from the second question these words: "*namely, by selling liquor not to be drunk on the premises where sold.*" It omitted from the third question these words: "*Namely, by selling liquor as a pharmacist on a physician's prescription.*" And the fourth question upon the said ballot was expressed as follows: "*Selling liquor by Hotel Keepers. — Shall any corporation, association, co-partnership or person be authorized to traffic in liquors under subdivision one of section eleven of the Liquor Tax Law as the keeper of a hotel in the town of Windsor?*"

By reference to the Liquor Tax Law, it will be seen that the fourth question is as follows:

" Selling liquor by hotel-keepers *only.* — Shall any corporation, association, co-partnership or person be authorized to traffic in liquors under subdivision one of section eleven of the Liquor Tax Law, *but only in connection with the business of keeping a hotel* in (here insert the name of the town) *if the majority of the votes cast on the first question submitted are in the negative?* "

In the case of *The People ex rel. Caffrey* v. *Mosso,* (30 Misc. 164) the fourth question contained upon the ballot and attempted to be submitted under the Liquor Tax Law was as follows:

" Selling Liquor by Hotel Keepers. — Shall any corporation, association, co-partnership or person be authorized to traffic in liquors under subdivision one of section eleven of the Liquor Tax Law as the keeper of a hotel in the town of Volney?"

HISCOCK, Justice, in his opinion, holds that the language of the statute prescribing the form in which these questions shall be printed upon the ballots is mandatory, and that the difference between the question as contained in the ballot and as expressed in the statute is a material one.

In the *Matter of Munson,* (95 App. Div. 23), HOUGHTON, Justice, in a case where the fourth question submitted to the voters

under section 16 of the Liquor Tax Law omitted the following words: " *if the majority of the votes cast on the first question submitted are in the negative,*" held that the omission of these words might very well have misled a voter who desired the sale of liquor in the town into voting for the first proposition and voting against the fourth proposition, which provided for the selling of liquor by hotel keepers only. Such electors should have it distinctly placed before them that in case the first proposition should be defeated, they then could have the privilege of voting for license to hotel keepers only, and that the omission of the proviso contained in the statute from the ballot might have deprived many voters of this knowledge and so led them into voting contrary to their intention.

A view contrary to that expressed in the two cases last above referred to was taken by DUNWELL, Justice, in the *Matter of Arnold,* 32 Misc. 439.

In the case last mentioned, the fourth question under section 16 of the Liquor Tax Law was printed in the ballot in accordance with the statute before the amendment. The justice in his opinion holds that this variance is a technical one only, and a motion for a re-submission of the questions was denied.

In the case of *The People ex rel. Hayes* v. *Edwards,* (42 Misc. 568), which was a motion under section 16 of the Liquor Tax Law for an order directing a special town meeting, one of the grounds therefor being that the ballots issued and used by the electors did not conform to the requirements of the statute in that they did not contain the caption to any one of the four questions submitted. The questions, however, with the exception of the caption, were printed in the language of the statute. DAVY, Justice, in denying the motion held the error or omission to be a technical one, and that the several acts constituting the basis of the motion, and including the question now under discussion, must be treated as harmless irregularities and are no grounds for an order directing a special town meeting.

It was also held by HOUGHTON, Justice, in the *Matter of Rice,* (95 App. Div. 28), that the omission of the word " only " in the caption of question four specified under section 16 of the Liquor Tax Law is too trivial in view of the full explanation contained in the various propositions printed on the ballot to make the vote a nullity, or so irregular as to require a resubmission.

35

In my opinion, there is good reason for holding as to the omission of the word "only" from the caption of question 4 as in the case last above cited, and to my mind there would be no injustice, and I question if any violation of the law, by the omission of the entire caption to each question, as was done in the case of *The People ex rel. Hayes* v. *Edwards, supra.*

The statute provides that upon the face of the ballot "shall be printed in full the said questions as heretofore stated." The caption is introductory to, and leads up to the real question which the electors may desire to vote upon. In reality the caption forms no part of the question even though it follows the words "Question 1," "Question 2," "Question 3," and "Question 4," as the same are respectively in the said section 16 of the Liquor Tax Law.

A different question, however, is presented when we come to consider the omission from the respective questions of the last clause of such questions, as in the case now under consideration. I cannot agree with the opinion expressed by Justice DUNWELL in the *Matter of Arnold, supra,* as in that case, a substantial part of the question is omitted. This being true, it cannot properly be termed a technical or immaterial variance. It is purely a matter of speculation as to how any elector would vote upon any one of the four questions above referred to in case the ballot contained only a portion of, rather than the complete question. The courts should be reluctant to say that the result would be the same in either instance.

I am of the opinion and hold that the ballots which were submitted to the electors in this case were insufficient for a legal and proper determination of the several questions sought to be submitted to them.

Section 16 of the Liquor Tax Law further provides: "The town clerk shall also, at least ten days before the holding of such town meeting or general election, cause to be printed and posted in at least four public places in such town, a notice of the fact that all of the local option questions provided for herein will be voted on at such town meeting or general election; and the said notice shall also be published at least five days before the vote is to be taken, once, in one newspaper published in the county in which said town is situate, which shall be a newspaper published in the town if there be one."

The following notice was posted in at least four public places

in the town of Windsor for more than twenty days previous to the election.

" Notice is hereby given that the petition required by law having been filed with me, a vote by ballot will be taken at the election to be held on the 8th day of November, 1904, in and for the town of Windsor, N. Y., on the following propositions, viz:

" 1.    Selling liquor to be drunk on the premises where sold.

" 2.    Selling liquor not to be drunk on the premises where sold.

" 3.    Selling liquor as a pharmacist on physician's prescription.

" 4.    Selling liquor by hotel keeper.

"Dated this 3rd day of October, 1904.

" A. S. SLEEPER,

" Town Clerk."

The said notice was also published in the Windsor Standard, a weekly newspaper published in the said town of Windsor, on the 6th day of October, 1904.

It is contended by the petitioner that the notice thus posted and published was of no force and effect and was not a compliance with the statute.

It will be observed that the law does not require the notice to be set forth in the language of the statute. All that is required is that " a notice of the fact that all of the local option questions provided for herein will be voted on at such town meeting or general election."

The decisions of our courts are conflicting as to the necessity of posting and publishing the notice above referred to. It was held in the *Matter of Eggleston,* (51 App. Div. 38), that the notice prescribed by law must be given. In another and a later decision by the same court, *Matter of O'Hara* (63 App. Div. 512), WILLIAMS, Justice, in delivering the opinion said:

"Upon the merits we think we are controlled by the case recently decided in this court. (*Matter of Eggleston,* 51 App. Div. 38.) We determined in that case that the notice must be given as required by the Liquor Tax Law, in order to render the election valid, and we must adhere to that rule here."

In the *Matter of Sullivan,* (34 Misc. 598), it was conceded that the notices required by the statute had not been given. HOUGHTON, Justice, in his opinion said:

"The provisions of the Liquor Tax Law as to what shall be

done by the town clerk with respect to the notice, when the questions are to be voted upon, are clear and it seems to me mandatory. He 'shall' at least ten days before the holding of the town meeting post in 'four' public places a notice of the fact that the local option question will be voted on; and he 'shall' publish said notice at least five days before the vote is to be taken, in a newspaper in the county or in the town if there be one. The law does not say that he 'may' give notice in any other manner, either by mailing actual official notice or by personal notice. It is a familiar proposition of statutory construction that where persons are interested in the giving of notice, as all the electors of the town are in the question as to whether there shall be license or no license, the use of the word *shall* in directing the manner of notice is mandatory.     *     *     *     The failure to give notice by posting and publishing is not, therefore, a mere irregularity, but rendered the vote a nullity."

In the *Matter of Powers,* (34 Misc. 636), there was an omission of the town clerk to print and post the notices required by the statute. NASH, Justice, in his opinion states as follows:

"The provision of the statute that at least ten days before the holding of the town meeting, the town clerk shall cause the notices to be printed and posted is peremptory, an absolute requirement necessary to give jurisdiction to take the vote prescribed by statute.     *     *     *     It is argued that the publication of the notice in the newspapers was sufficient. It may well be that the means taken to bring the matter before the people and the notice actually given, was more general and gave more publicity to the fact that the proposed submission was to be made, than would the posting of the four notices. But that is not what the law requires.     *     *     *     It is not a question of actual but legal notice."

A view somewhat contrary to that expressed in the cases above cited is contained in the *Matter of France,* (36 Misc. 693). In that case the town clerk did not publish in a newspaper at all, and posted the notices five days before the town meeting instead of ten, yet it was shown by affidavits that the electors of the town had been informed of the propositions to be submitted about one month before the town meeting. DUNWELL, Justice, in his opinion says:

"The question, then, here presented is whether the omission of some of the formal steps prescribed by the statute for giving notice shall invalidate the election, although actual and timely

notice was in fact received by the voters concerned. An affirmative answer would seem like sacrificing substance to formality. The statute wisely provides for notice. Care was taken by the Legislature that the electors should not go uninformed. Therefore, it was necessary to designate certain observances that would be regarded as sufficient. But it is not probable that the authors of the statute supposed that the meagre information that would reach the voters through four posted notices and one insertion in a town or county paper, would convey the real and abundant notice to the electors upon which they would act. * * * The statute itself does not declare that the omission under consideration shall invalidate the election."

The court denied the motion for a special town meeting for the purpose of again submitting the questions to the electors, thereby holding that the failure of the town clerk to publish any notice of the fact of such submission, and his posting a notice but five days previous to the election, in view of the fact that the electors had been otherwise informed that the local option questions would be submitted at the next election, was a sufficient compliance with the statute.

In the *Matter of Rowley* (34 Misc. 662), the town clerk failed to give the notice required by section 16 of the Liquor Tax Law, but a notice of the fact that all of the local option questions would be voted on at such town meeting was otherwise brought to the attention of the electors. RICH, Justice, in denying the motion for a resubmission of the questions to the electors says:

"It was the duty of the town clerk to give notice of the vote on local option. The statute in respect to his duties is directory only. In case of a failure of the town clerk to post and publish the notice, where the electors were not given other notice, the vote cast would be void and the will of the people thwarted by the wilful refusal of that officer to perform his duty. But that is not the case here. The end sought to be obtained by the statute, to wit: 'The giving of notice of the questions to be voted for at the town meeting' was accomplished in this case as already clearly appears."

In the *Matter of O'Hara* (40 Misc. 355), the town clerk did not publish for five days before the election a notice that the local option questions were to be submitted to the voters. KELLOGG, Justice, in his opinion seems to regard the omission as a mere

technicality, and in denying the motion for a special town meeting for the purpose of resubmitting the liquor tax questions, says:

" When it affirmatively appears that the public has not suffered by such irregularity, and that full notice was in fact given, the end designed to be accomplished by the statutory notice is reached, and a court vested with discretion will not follow the strict letter of the law in utter disregard of its spirit and intent, and for a technicality sacrifice the substance."

Other cases to the same effect as the three last above cited might be referred to, but I deem it unnecessary as in the case now under consideration, timely notice was given by the town clerk, both by posting and publishing the same, to the effect that all of the local option questions specified in section 16 of the Liquor Tax Law would be voted on at the election to be held on the 8th day of November, 1904.

In my opinion, the notice thus given was sufficient, as it not only stated the time when the vote would be taken, but it specified the several questions which would be submitted to the electors. There was, then, in this case, a full compliance with the law even though we regard the provision of the Liquor Tax Law as to the time, place, and manner of giving the notice as mandatory.

Another point raised by the Board of Town Canvassers is that subsequent to the filing of the petition with the town clerk, the petition was taken from the town clerk's office and changed by adding to the 4th question these words: " if a majority of the votes cast on the first proposition are in the negative."

The contention on the part of the said Board of Town Canvassers, assuming the above to be true, is that the said several local option questions could not be legally submitted to the electors and such being the case a special town meeting could not now be called for re-submitting the questions.

The evidence shows that the said petition was duly filed with the town clerk on the 25th day of September, 1904, and that the same was removed from the town clerk's office, by some unknown person and in some unknown manner subsequent to the election held on the 8th day of November; and that during the early part of January, 1905, the said petition was discovered by the newly-elected town clerk among the papers on file in his office.

The evidence further shows that when the said petition was thus discovered it bore the interlineation of the following words:

" if a majority of the votes cast on the first proposition are in the negative."

The evidence does not disclose the date when the petition was taken from the town clerk's office, nor when the same was returned thereto, nor the name of the person who made the said interlineation; therefore, I think it may be said that the petition having once been duly filed with the town clerk, the presumption would be in the absence of any evidence to the contrary, that the same remained on file until about the time its absence was discovered, which was a date subsequent to the holding of the election.

The petition never having been legally withdrawn from the town clerk's office, must, in determining the legality of the election, be considered as it was at the date of filing, and not as of the date of its return.

I am of the opinion and hold that the removal of the said petition from the town clerk's office, and the subsequent interlineation of the words mentioned therein, in no way affected the legality of the election so far as concerns the said several local option questions which were submitted to the electors.

The evidence shows that the fourth question submitted to the electors was defeated by 28, and that there were 88 blank ballots; and that there was a " No-license League " in the village and town of Windsor, which took a very active part in the consideration of the several liquor tax questions which were submitted to the electors at the last general election. The said League leased two columns of "The Windsor Standard," an independent paper published in the village and town of Windsor, for four consecutive weeks immediately preceding the election, and they caused to be published in said paper during the said four weeks various matter in opposition to the granting of license. They also held a number of public meetings throughout the town, which said meetings were addressed by representative citizens of the town of Windsor, who not only advocated but urged the defeat of the said several local option questions, unless it be the third question, which pertains to the sale of liquor as a pharmacist on a physician's prescription. In addition to this, on or about the 31st day of October, 1904, the said League caused to be printed and mailed to nearly every elector in the town of Windsor a sample ballot and various literature pertaining to and bearing on the said several liquor tax questions. On the other hand, many

voters were instructed by one favorable to the granting of license to hotel keepers only, as to how to mark their ballot, and they were furnished with sample ballots containing the said several local option questions in substantially the form in which they were submitted to the electors.

It will, therefore, be seen that the electors were generally apprised that a vote would be taken at the coming election on the question of selling liquor in the town of Windsor. In view of this fact, and the further fact that the notice as posted and published was sufficient, it is to be regretted that there was a failure to comply with the statute in respect to the wording of the ballots.

The law not having been complied with, as hereinbefore set forth, the application for a special election in the town of Windsor should be granted. An order will be made in accordance with the above decision with costs.