Matter of the Application of TUNIS LIVINGSTON for an Order Restraining FRANK TABER, Acting Town Clerk of the Town of Oneonta, from Providing Ballots Under Section 16 of the Liquor Tax Law, or Delivering the Same to the Electors of the Town of Oneonta, N. Y. to Vote upon.

(County Court, Otsego County, February, 1909.)

Intoxicating liquors — Local option — Validity of local option election — Petition for submission — Acknowledgment.

Though a certificate to a petition requesting the submission to the electors of a town of the local option questions under the Liquor Tax Law, which states that the petitioners signed it before the officer but fails to state that they acknowledged it, is fatally defective; yet a certificate which states that they acknowledged its execution is sufficient, though it fails to state that they signed it, since execution comprehends signing.

MOTION for an injunction.

Gibbs, Wilbur & Gibbs, for petitioner.

W. H. Johnson, for Frank Taber, as acting town clerk, etc.

KELLOGG, J. This is an application by the petitioner, Tunis Livingston, as a resident elector and taxpayer of the town of Oneonta, for an order restraining the acting town clerk of said town from submitting the local option questions as provided by section 16 of the Liquor Tax Law to the electors of said town, at the next biennial town meeting to be held February 9, 1909, upon the grounds:

*First.*— That the petition filed requesting such submission is not properly acknowledged as required by law, and as pro-

vided by section 16 of said Local Option Law, or the statutes of the State relative to taking acknowledgments, in that the certificate of acknowledgment does not show that it was " signed and acknowledged " before a notary public or other officer authorized to take the acknowledgments or administer oaths.

*Second.*— That the said acting town clerk attempted to post, or cause to be posted, notices of election, that all the local option questions as provided for in section 16 of the Liquor Tax Law will be submitted to the voters at the ensuing town meeting, but the same, as posted, are illegal and void, in that they do not show a compliance with the said law, and that the said acting clerk has failed to publish a legal and proper notice in a newspaper in said county, as required by section 16 of said law.

The acknowledgment to the petition to which attention is directed states that, on the 11th day of January, 1909, " before me the subscriber personally appeared Grant Green (then follow the names of fifty-seven other signers), to me personally known to be the person described in and who executed the above instrument, and he severally acknowledged the execution of the same." Signed " Frank Taber, Justice of the Peace."

It is conceded that the acknowledgment to the petition should be in such language as would be sufficient on a conveyance of real property to entitle it to be recorded.

It was argued with much force that the acknowledgment in question does not follow the exact language employed in section 16 of the Liquor Tax Law, wherein it states that the acknowledgment should have set forth that it was " signed and acknowledged;" and citing as authority on that proposition, the case of Jackson v. Seeber, 50 Misc. Rep. 479.

The case at bar, however, differs in essential particulars from Jackson v. Seeber, above mentioned. In that case no names were recited in the certificate, and merely the fact was stated that the above named persons appeared before the justice and signed the petition, in his presence; nor did it state the persons so signing were known to him; nor did it state that it was acknowledged before him; and it was there

held that the omission to state that the petition was acknowledged was a fatal defect.

It was conceded upon the argument in that case that the defects to the acknowledgment of that petition were such that it could not be recorded by reason of the failure to state that it was acknowledged.

It is still insisted, however, that the failure to use the word " signed ' in connection with the word " acknowledged " is a defect of such importance as to cause this court to grant an injunction order which will, in its effect, prevent the submission to the voters of the town of Oneonta of all the local option questions as provided for in section 16 of the Liquor Tax Law pursuant to this petition.

I am not convinced that such is the law, or that such a technical construction was the real intent of the Legislature. The acknowledgment in question states in so many words, after setting forth the name of each individual signer, as follows, to wit: " To me personally known to be the person described in and who executed the above instrument, and he severally acknowledged the execution of the same." The highest authority may be cited to show that the word " executed," which is used twice here, is an attestation of the fact that the petition was signed. The word " executed," when used, is defined to mean " The accomplishment of a thing;" " The completion of an act or instrument;" " The fulfillment of an undertaking." " Thus, a contract is executed when the act to be done is performed; a deed is executed when it is signed, sealed and delivered." 1 Bouv. Law Dict. 554.

It is also urged that, while the acting town clerk attempted to post notices of election as provided for in section 16 of the law in question, such notices are illegal and void, and are not a compliance with the law.

It is contended that the notice attempting to submit the questions under section 16 of said law to vote is headed " Notice of Town Meeting," and that, while it states that a petition for the submission of local option questions under section 16 of the Liquor Tax Law has been filed with the acting town clerk of the town of Oneonta, N. Y., and notice

is hereby given that all of the local option questions as provided for in section 16 of the Liquor Tax Law will be submitted to the voters at the ensuing town meeting to be held February 9, 1909, it therein fails to state that such questions will be voted upon.

I am convinced, after a most careful examination of the authorities, that the objection, in itself, is insufficient to cause the printing and issuing of the ballots to be voted under section 16 at the election in question to be restrained.

It has been held that the omission of words and the failure of the town clerk to file a certified copy as required by the act were not fatal, and that a notice of four days, even, was a substantial compliance with the statute. Matter of Rice, 95 App. Div. 28.

It has also been held that a notice that the license question, as provided by the Raines Law, would be submitted to the voters at this town meeting was a good and sufficient notice. If that notice was good, then the one here certainly is. People ex rel. Crane v. Chandler, 41 App. Div. 178.

The act in question is a public act, and provides what questions and in what manner they shall be submitted; and reference to the law and the subject as contained in the notice, we think, was sufficient.

As marked in Matter of Rice, *supra,* there could be no mistake in what was intended; and no one could be misled as to what was asked, or what it was proposed to do under the notice as published and posted.

All of the questions to be submitted are accurately set forth, proper reference made to the statute, notice given that all questions thereunder will be submitted to the voters on a specified date.

Where it appeared that there might have possibly been slight errors in the posting and publishing of some notices, the court held a resubmission unnecessary and unjustifiable. Matter of Woolston, 35 Misc. Rep. 735.

The objections here presented, however, are not to be lightly turned aside, as the legal rights of the parties interested are of the greatest importance. Reasonable legal formality and statutory compliance must be required. The

acknowledgment to this petition and the notice given by the acting town clerk under it are not all that could be desired. It has been held that even the most strict requirements of the statute must be met in the attempts to submit the question under section 16 of the Liquor Tax Law to a vote. Matter of Foster, 57 Misc. Rep. 676; Matter of Town of La Fayette, 105 App. Div. 25.

A careful examination of the cases last above cited discloses the fact that they may be clearly distinguished from the case here presented.

In the former, no reference whatever was made to the election itself in the notice, but merely a publication of the questions; in the latter, there was an entire failure to comply with the provisions of the law, in that no notice at all was given that the questions permitted to be voted upon under the law were to be submitted to the electors.

Should the petitioner herein deem himself aggrieved after the submission and voting upon the questions permitted under the law, at the biennial town meeting to be held on the 9th day of February, 1909, he has an ample remedy by an action in equity.

If too much particularity is required in the enforcement of the provisions of the statutes, then they will, in many instances, defeat themselves; and the will of the people, which is the controlling subject to be safeguarded, will be subverted. The individuals to whom the Legislature has delegated the duty of performing these services are not, in the vast majority of cases, persons learned in the law, but, as a general proposition, persons of ordinary education and business ability, and this the Legislature knew. In giving judicial interpretation of the law and the sufficiency of compliance with it, these are facts which must be taken into consideration; and where there is substantial compliance with its provisions and no fraud, concealment or deception is practiced, the acts of officials should be upheld.

I have reached the conclusion, therefore, that the motion made herein must be denied, but without costs.

*Motion denied, without costs.*