Matter of the Application of JOHN B. WEBSTER, an Elector, for resubmission of Local Option Questions to the Electors of the Town of Hanover, under the Liquor Tax Law.*

(County Court, Chautauqua County, December, 1905.)

Intoxicating liquors — Local option — Validity of local option election — Re-submission.

The provision of section 6 of article 1 of the Election Law (L. 1896, ch. 909), that amendments, propositions or questions shall be separately and consecutively numbered, does not apply to questions relating to the selling of liquor or to local option; but the provisions of section 82 of the Election Law, requiring a separate ballot where an amendment, proposition or question is to be submitted to vote and, where two or more are to be submitted, that they shall be separately numbered and printed, do apply to such questions.

Where voting machines are used at an election at which seven constitutional amendments and four questions relating to the sale of liquor are submitted, and all the amendments and questions are in the same line of the voting machine, the constitutional amendments being numbered consecutively from 1 to 7 and the liquor questions following them and numbered in a new series from 1 to 4, and where the strips or ballots to be placed in the voting machine and the sample ballots furnished by the county clerk contained the amendments and questions on the line and numbered from left to right from 1 to 11 inclusive, but the town clerk changed them by pasting over the liquor questions another set numbered from 1 to 4 inclusive, which has been held to be more orderly and is in strict compliance with the terms of section 16 of the Liquor Tax Law; and where, after the election, the claim is made that the liquor questions were not fairly submitted but that confusion arose from their being numbered from 1 to 4, with the same numbers as some of the constitutional amendments, and that voters were misled thereby and a different result reached than if the voters had understood the matter and had not been thus confused and misled, but a review of the evidence bearing upon that subject does not lead to such a conclusion, and it does not appear that an intelligent person could have been misled, a motion for a resubmission of the liquor questions at a special town meeting will be denied.

* Received too late for insertion in proper place.

County Court, Chautauqua County, December, 1905. [Vol. 50.

MOTION to submit the question of local option under the Liquor Tax Law to a special town meeting of the town of Hanover, N. Y.

Edward C. Randall, for petitioner.

Daniel A. Reed, for State Excise Commissioner.

George E. Towne, for William Lucas, intervening, in opposition.

FISHER, J. Motion to submit the question of local option under the Liquor Tax Law to a special town meeting of the town of Hanover, N. Y., upon the ground that such question was not properly submitted at the biennial town meeting held in connection with the general election November 7, 1905.

Voting machines were used in the several election districts of the town of Hanover at the election in question. Seven proposed amendments to the Constitution were submitted to the electors at said election, and were in the same space or line of the voting machine as the four questions submitted as to whether liquor should be sold in said town under the provisions of the Liquor Tax Law.

It is not disputed but that all the preliminary steps were duly and regularly taken at said election, but it is contended that the questions touching the sale of liquor were not properly submitted, in that they were improperly numbered.

Section 82 of the Election Law and section 16 of the Liquor Tax Law provide that questions as to whether liquor shall be sold shall be printed upon the same line or space as the amendments to the Constitution, and it is not claimed that they were not in the line and in the space upon the voting machine as provided by law.

Section 6 of article 1 of the Election Law provides among other things, "Whenever any such proposed amendment to the constitution or other proposition or question provided by law to be submitted to a popular vote, shall be submitted to the people for their approval, the secretary of state shall include in his notice to the county clerk," etc. And again:

"Such amendments, propositions, or questions respectively shall be separately and consecutively numbered." A careful reading of this section leads to the conclusion that it refers to the proposed constitutional amendments and propositions and questions that are to be submitted to a popular vote throughout the State, and that the questions relating to the selling of liquor or to local option, being town questions, are not included within its provisions.

Section 82 of the Election Law provides: "Whenever the adoption of a constitutional amendment or any other proposition or question is to be submitted to the vote of the electors of the State, or of any district thereof, a separate ballot shall be provided by the same officers who are charged by law with the duty of providing the official ballot for candidates for public office." And again: "If there be more than one constitutional amendment or proposition or question to be submitted to the voters of that district, the different amendments or propositions or questions shall be separately numbered and printed," etc. Evidently this section does cover, not only the constitutional amendments, but questions submitted relating to local option; and it will be observed that, while said section 6 of article 1 provides that proposed constitutional amendments, propositions, or questions, respectively, shall be separately and consecutively numbered, section 82, which covers liquor tax questions, provides that, "The different amendments or propositions or questions shall be separately numbered and printed."

Section 86 of said Election Law provides, among other things: "If a town meeting is held on general election day, ballots and sample ballots for town propositions shall be provided by the town clerk in like manner and in the same form as at the town meeting held at any other time; and such town clerk shall furnish inspectors and ballot clerks, return sheets for making returns on town propositions or questions." Section 168 of said law being one of the sections regulating the use of voting machines is as follows: "The officers or board charged with the duty of providing ballots for any polling place, shall provide therefor two sample ballots, which shall be arranged in the form of a diagram, show-

ing the entire front of the voting machine as it will appear after the official ballots are arranged for voting on election day. Such sample ballots shall be opened to public inspection at such polling place during the day next preceding election day."

It is conceded that the sample ballots furnished at the polling places in the town of Hanover in all respects conformed to the provisions of said section. The seven constitutional amendments were numbered from 1 to 7 inclusive; and following there were the four questions as to whether liquor should be sold in said town; and these questions were numbered 1, 2, 3 and 4, and in all respects were the same, including the numbers, as the questions appear in section 16 of the Liquor Tax Law.

It is contended by petitioner that the duplication of numbers, the first four proposed amendments to the Constitution being numbered 1, 2, 3, 4; and the questions relating to the question of the sale of liquor being numbered 1, 2, 3, 4, was contrary to the provisions of the statute; was misleading and confusing to the voters; that many were misled thereby; that many voters, having been instructed to vote under the numbers 1, 2, 3, 4, on the questions relating to the sale of liquors, by mistake voted under the proposed amendments to the Constitution, intending to vote on the local option questions; and on this application the affidavit of twenty-eight electors of said town are presented in which it is claimed that said mistakes were made by them.

It is further claimed that, as the vote in said town on question 4 (the selling of liquors by hotels) was 403 yes, and 410 no, the recording of these 28 votes by such electors as they intended would have changed the result of the election in said town on question number 4.

It appears that the number of electors in said town is in the neighborhood of 1300, and 476 of such electors have petitioned for a resubmission of said questions relating to the sale of liquor. The strips or ballots to be placed in the machine and the sample ballots were furnished by the county clerk, and on the strips or ballots and the sample ballots the proposed constitutional amendments and local option ques-

tions were on the line and were numbered from left to right from 1 to 11 inclusive; the seven constitutional amendments being numbered from 1 to 7, and the local option questions being numbered 8, 9, 10, 11.

The contest in the town of Hanover on local option was vigorously contested. The partisans on each side were active and vigilant in soliciting votes and instructing voters how to vote upon the local option questions. The temperance people issued circulars varying in character, in which the electors were asked to vote " no " on questions 1, 2, 3 and 4. The liquor interests, as it appears, had also instructed voters to vote upon said propositions, referring to them as numbered 1, 2, 3 and 4. A notice was published by the town clerk in the *Silver Creek Gazette,* a newspaper published in the said town, October twenty-eighth, as follows: " Notice is hereby given that all the local option questions provided for in section 16 of the Liquor Tax Law of the State of New York will be voted on at the regular Town meeting to be held in and for the Town of Hanover, Chautauqua County, N. Y., on the 7th day of November, 1905. The questions which will be submitted are as follows:" Then follow the questions precisely as they appear in section 16 of the Liquor Tax Law; and after said questions, " Dated October 23, 1905, C. W. Stebbins, Town Clerk Town of Hanover, Chautauqua County, N. Y."

Subsequently to the receipt from the county clerk of the slips or ballots for the voting machine and the sample ballots, the town clerk changed the ballots by pasting over the local option questions as sent by the county clerk and numbered 8, 9, 10, 11, such questions numbered 1, 2, 3, 4, and except the change of said numbers, the captions and questions were the same as provided by the county clerk on said strips, and in all other respects the same as they appear in section 16 of the Liquor Tax Law. Such sample ballots and the ballots on the machine corresponded; and on election day appeared as shown on the exhibits annexed to the papers in this proceeding.

It appears from the papers used on this motion that the leader of the temperance forces at said election was Rev.

17

Edward J. Ward, and that the petitioner herein, John B. Webster, was the leader of the liquor interests. It further appears that the temperance people had instructed voters that the questions relating to the sale of liquor would be found upon the machine in the space or line at the left, and that after it was discovered that the county clerk had sent them to be placed in the right of the line or space, and numbered 8, 9, 10, 11, the Rev. Ward requested the town clerk to change the numbering of the questions so that they would appear under the numbers 1, 2, 3 and 4. And he requested that they be placed first in the line, before the constitutional amendments.

The said Ward also consulted with Webster about this, and Webster showed him a sample ballot in the office of his hotel, in which these questions were placed after the constitutional amendments and to the right, and were numbered 1, 2, 3 and 4. It was after this conference that the town clerk made the change and pasted the liquor tax questions over the questions as sent by the county clerk, as he clearly had the right to do under section 86 of the Election Law. After such change was made, 1,500 postal cards were distributed by those representing the temperance interests, indiscriminately throughout the town, informing the electors that the license questions were in the upper-right hand corner of the machine after the seven constitutional amendments. And on said postal cards were the four local option questions, numbered 1, 2, 3 and 4, with the captions as they appeared on the machine.

The number of votes cast in said town at said election was 1,170, and the total vote cast on the local option questions respectively was as follows: No. 1, 557; No. 2, 540; No. 3, 541, and on No. 4, selling liquor by hotel keepers, 613—clearly indicating that the voters understood the difference between the several questions relating to local option. An examination of the votes cast on the several proposed amendments to the Constitution does not lead to the conclusion that the voters were misled and voted on such amendments intending to vote on the local option questions. The constitutional amendments were numbered consecutively from 1 to 7 inclusive, as required by section 6 of article 1 of

the Election Law. The local option questions were numbered consecutively from 1 to 4, and in all other respects were precisely as they appear in section 16 of the Excise Law. The local option questions were headed, " Local Option," and the constitutional questions were headed " Constitutional amendments." It is difficult to understand how any man of intelligence could have been misled in voting. The sample ballots were provided, as required by law, in the form of a diagram of the entire front of the voting machine as it appeared to the voter in entering the booth to vote.

In the pulpit, the press, on the street corners, in the stores and hotels this local option question was discussed; but in no instructions that were given by either side, so far as appears by the papers, was it stated that the local option questions would appear on the machine in different form or under different numbers than they did appear.

Of the twenty-eight affiants in the moving papers who claim to have been misled into voting differently than they intended, fifteen are Italians. It further appears by the opposing affidavits that one of said Italians, Alphonze Varo, is known as the " King of the Italians," and is reputed to control their votes and jobs; that prior to election he stated that all the Italians would vote for license.

It is claimed that on election day he was working among the Italians and instructing them how to vote. It is insisted that he was as influential in procuring affidavits as in influencing votes.

There never has been devised an election law where every man would cast his vote without mistake. All the law can do is to provide a method of voting where intelligent electors (and all are presumed to be intelligent) can cast their votes without mistake. And it cannot be said that, in an election where local option questions are submitted, such questions have not been properly submitted because some elector, through ignorance, has failed to vote as he intended, if the election was legally conducted.

Was this election in the town of Hanover, so far as the local option questions were concerned, legal? Matter of Arnold, 32 Misc. Rep. 440, is a case in point. In that case

there were four constitutional amendments, submitted at the same election as the four local option questions, and they were numbered, commencing with the constitutional amendments, from 1 to 8, inclusive. It was insisted in that case that the local option questions should have been numbered as they appear in section 16 of the Liquor Tax Law. And the court says: " It would, perhaps, have been more orderly to submit the liquor tax questions under the same numbers under which they appear in the Liquor Tax Law, but, inasmuch as the ballot submitted upon the motion shows that the headings to the several questions were prefixed to each question upon the ballots used by the voters, explaining each question and almost precluding any occasion for referring to them by number, I do not deem the manner of numbering the questions upon the ballot material, and do not consider that the voters could have been confused by reason thereof, as charged in the petition."

In the case at bar the local option questions were numbered in the manner it was suggested by the learned justice in that case that it would have been more orderly to have numbered them. Further, " Headings to the several questions " appeared upon the machine and upon the sample ballots " Explaining each question, and almost precluding any occasion for referring to them by number." In this case I do not deem the manner of numbering the questions upon the ballot material, and do not consider that the voters could have been confused by reason of the duplication of numbers in said line, as claimed in the petition.

The motion is denied, with costs.

Motion denied, with costs.